**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Jane Doe 1**
**c/o Mote Law Firm, LLC**
**400 S. 5th St., Suite 101**
**Columbus, OH 43215**

**Plaintiff,**

**—vs.—**

**Brandon B. Burris**
**4830 Ashbrook Dr.**
**Noblesville, IN 46062-7253**

**and**

**Mitchell R. Bellner**
**c/o Thornberry Group, LLC**
**6330 E. 75th St., Suite 334**
**Indianapolis, IN 46250**

**and**

**PriorityLab, LLC**
**c/o Registered Agent Alix Vollmer**
**6330 E. 75th St., Suite 334**
**Indianapolis, IN 46250**

**Also serve at:**
**Priority Lab, LLC**
**c/o Registered Agent John Shane**
**3301 N.W. 55th St.**
**Fort Lauderdale, FL 33309**

**and**

**Breeze Environmental Services**
**dba Discover Breeze**
**6330 E. 75th St., Suite 330**
**Indianapolis, IN 46250**

**and**

**Case No. 2:26-cv-1641**

**Residential Warranty Services, Inc.**
**c/o Registered Agent Alix Vollmer**
**698 Pro Med Lane**
**Carmel, IN 46032**

**and**

**Thornberry Group, LLC**
**c/o Registered Agent Alix Vollmer**
**6330 E. 75th St., Suite 334**
**Indianapolis, IN 46250**

**and**

**John/Jane Doe 2-25**
**Names unknown**
**Addresses unknown**

**Defendants.**

**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Plaintiff Jane Doe 1, by and through her attorney, files this Complaint pseudonymously because the prosecution of this lawsuit will compel Plaintiff to reveal information of the utmost intimacy as a result of the actions of Defendants Brandon B. Burris ("Burris"), Mitchell R. Bellner ("Bellner"), PriorityLab, LLC ("PriorityLab"), Breeze Environmental Services dba Discover Breeze ("Breeze"), Residential Warranty Services, Inc. ("Residential"), and Thornberry Group, LLC ("Thornberry").

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Jane Doe 1 is a resident of Columbus, Delaware County, Ohio.

2. At all relevant times, Defendant Burris is a resident of Noblesville, Hamilton County, Indiana. At all relevant times, Defendant Burris was employed as a Vice President by Defendants PriorityLab, Breeze, Residential and/or Thornberry.

3. At all relevant times, Defendant Bellner, is a resident of Noblesville,

Hamilton County, Indiana. At all relevant times, Defendant Bellner was employed as an Enterprise Sales Executive by Defendant Thornberry.

4. At all relevant times, Defendant PriorityLab is a Florida limited liability company registered and doing business in the State of Indiana. Defendant PriorityLab's principal place of business in Indiana is 6330 E. 75th St., Suite 334, Indianapolis, Indiana 46250.

5. At all relevant times, Defendant Breeze is an unregistered Indiana business entity and/or trade name with its principal place of business at 6330 E. 75th St., Suite 330, Indianapolis, Indiana 46250.

6. At all relevant times, Defendant Residential is an Indiana corporation, registered and doing business in the State of Indiana. Defendant Residential's principal place of business is 6330 E. 75th St., Suite 334, Indianapolis, Indiana 46250. Upon information and belief, Defendant Residential operates PriorityLab and Breeze.

7. At all relevant times, Defendant Thornberry is a Delaware limited liability company, registered and doing business in the State of Indiana. Defendant Thornberry's principal place of business in Indiana is 6330 E. 75th St., Suite 334, Indianapolis, Indiana 46250. Upon information and belief, Defendant Thornberry provides capital, operational infrastructure, and strategic guidance to Defendants PriorityLab, Breeze and/or Residential.

8. Defendants John/Jane Doe #2-25 are persons and/or businesses whose names and addresses could not be discovered.

9. At all relevant times, Defendants John/Jane Does #2-25 include entities that are affiliated with, and/or that own and/or control, Defendants Burris, Bellner, PriorityLab, Breeze, Residential and/or Thornberry including successor entities, that are liable for the misconduct

alleged herein. When referring to Defendants PriorityLab, Breeze, Residential and/or Thornberry in this Complaint, all such references include John/Jane Doe #2-25.

10. R.C. 2307.382, Ohio's long arm statute, authorizes jurisdiction over nonresident defendants. Pursuant to R.C. 2307.382, Defendants Burris and Bellner caused tortious injury in the State of Ohio, among other bases for personal jurisdiction. Pursuant to R.C. 2307.382, Defendants PriorityLab, Breeze, Residential and/or Thornberry transacted business in Ohio, contracted to supply services or goods in Ohio, among other bases for personal jurisdiction.

11. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this case because it arises between citizens of different states and the value of Plaintiff's claims exceeds seventy-five thousand dollars ($75,000). Plaintiff Jane Doe 1 is a citizen of Ohio, while Defendants are citizens of Indiana, Florida and/or Delaware as set forth above.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and S.D. Ohio Civ. R. 82.1 because a substantial part of the events or omissions giving rise to this action occurred in Delaware County, Ohio and/or Franklin County, Ohio, in this district.

**STATEMENT OF FACTS**

13. On or about November 12, 2025, and November 13, 2025, Defendants Burris and Bellner attended a business conference in Columbus, Ohio as employees and/or agents of Defendants PriorityLab, Breeze, Residential and/or Thornberry.

14. On or about November 12, 2025, or the early morning hours of November 13, 2025, Defendants Burris and Bellner met Defendant Jane Doe 1 at Keystone Pub & Patio Polaris ("Keystone"), 1081 Gemini Place, Columbus, Delaware County, Ohio 43240, where she met friends earlier in the evening. Defendant Burris approached Plaintiff and purchased drinks using a company credit card belonging to Defendants PriorityLab, Breeze, Residential and/or

Thornberry.

15. Upon information and belief, Defendant Burris secretly, and without her knowledge or authority, administered an unknown substance to Plaintiff Jane Doe 1's drink, impairing her ability to make decisions or consent.

16. On or about November 12, 2025, or the early morning hours of November 13, 2025, Defendants Burris and Bellner left Keystone with Plaintiff Jane Doe 1 in her own car. Upon information and belief, Defendant Bellner drove Plaintiff's car. Plaintiff did not agree to leave Keystone with Defendants Burris and Bellner. When Plaintiff briefly regained consciousness, she recalls the driver, upon information and belief Defendant Bellner, stating "come on dude, it's not worth it." When Plaintiff regained consciousness again, she was in the backseat of her car with Defendant Burris and the car was stopped on Interstate 270 East near Exit 29, OH-3 Westerville, Franklin County, Ohio. Defendants Burris and Bellner then fled the scene on foot up an embankment and towards Exit 29, OH-3 Westerville from I-270 East, to conceal their identities. Plaintiff discovered that her front passenger side tire was destroyed and on fire. Plaintiff was covered in bruises, she had no shoes on and was wearing a hoodie she kept in the back of her car, not what she dressed in earlier on November 12, 2025. Plaintiff's underwear and pants were later found outside her car on the ground. Sexual acts had been performed on Plaintiff without her knowledge or consent. On November 13, 2025, Plaintiff went to Mount Carmel St. Ann's Hospital, where a rape kit was performed. Plaintiff further reported the incident to the law enforcement. Upon information and belief, following the events of November 12, 2025, and November 13, 2025, Defendants Burris and Bellner left the State of Ohio.

**FIRST CLAIM – ASSAULT AND BATTERY**

17. Plaintiff incorporates all above paragraphs by reference.

18. Defendants Burris and Bellner intentionally and without authority, consent or justification intended to cause and did cause Plaintiff to suffer offensive physical contact as set forth in this Complaint.

19. Defendant Burris sexually touched intimate body parts of Plaintiff.

20. The sexual touching was unwanted and done while Plaintiff was incapable of consent.

21. These acts were done without the consent of Plaintiff, and upon information and belief, were done through incapacitating Plaintiff with a drug.

22. Defendant Burris' acts were committed, in part, for the purpose of sexual gratification or arousal.

23. Defendant Burris and/or Bellner intentionally and without authority caused harmful and offensive contact with Plaintiff's person.

24. As a direct result of Defendants' actions and inactions, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and has incurred expenses for medical treatment, loss of property, loss of earnings and/or the loss of the ability to earn money. These losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

25. As a direct and proximate result of Defendants' actions and inactions, Plaintiff has incurred medical treatment and medical expenses in an amount to be determined at or before trial and expects to incur further treatment and expenses in the future.

26. As a direct and proximate result of Defendants' actions and inactions, Plaintiff lost wages, employment benefits, and opportunities in an amount to be determined at or before trial, and will lose further wages, employment benefits, and opportunities in the future. Plaintiff has sustained a permanent impairment of her earning capacity.

27. As a direct and proximate result of Defendants' actions and inactions, Plaintiff sustained miscellaneous damages and out of pocket expenses in an amount to be determined at or before trial and expects to incur further miscellaneous damages in the future.

28. As a direct and proximate result of Defendants' actions and inactions, Plaintiff sustained a permanent loss of enjoyment of life.

**SECOND CLAIM – DEFENDANTS BURRIS AND BELLNER'S RECKLESS, WILLFUL, WANTON AND/OR NEGLIGENT MISCONDUCT**

29. Plaintiff incorporates all above paragraphs by reference.

30. By assaulting Plaintiff, Defendants Burris and Bellner acted with recklessness, wantonness and/or outrageous indifference to a highly reasonable and foreseeable risk of harm to Plaintiff.

31. Defendants Burris and Bellner's conduct in removing Plaintiff from Keystone in her own car and abusing Plaintiff is willful and/or wanton as it manifests a disposition to perversity, such as obstinacy and persistency in opposing that which is right, reasonable, correct and generally accepted as a course to follow in protecting the safety of others. Given the surrounding circumstances and existing conditions, Defendants knew or should have known from the surrounding circumstances and existing conditions that their conduct would in all probability result in harm to Plaintiff.

32. Defendants Burris and Bellner's conduct is reckless as each demonstrated a

conscious disregard and indifference to known or obvious risks of harm to Plaintiff that was unreasonable under the circumstances and substantially greater than negligence, among other misconduct.

33. Because they violated R.C. 2903.11, R.C. 2903.13 and/or R.C. 2905.01, among other laws, Defendants are negligent per se or as a matter of law. See *Eisenhuth v. Moneyhon,* 161 Ohio ST. 367, syllabus 2 (1954).

34. As a direct and proximate result of Defendants' reckless, willful and or wanton misconduct and/or negligence, Plaintiff suffered the harms set forth in this Complaint.

**THIRD CLAIM – KIDNAPPING**

35. Plaintiff incorporates all above paragraphs by reference.

36. By secretly drugging Plaintiff, removing her from Keystone in her own car and attempting to drive her to an unknown destination, Defendants Burris and/or Bellner removed Plaintiff from where she was found and restrained her liberty by force, threat or deception to facilitate the commission of a felony and/or to engage in sexual activity, as defined in R.C. 2907.01, against her will.

37. As a direct result of Defendants' actions, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and has incurred expenses for medical treatment, loss of property, loss of earnings and/or the loss of the ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

38. As a direct and proximate result of Defendants' misconduct, Plaintiff sustained the injuries and damages set forth in this Complaint, including punitive damages.

**FOURTH CLAIM – FALSE IMPRISONMENT**

39. Plaintiff incorporates all above paragraphs by reference.

40. By secretly drugging Plaintiff, removing her from Keystone in her own car and attempting to drive her to an unknown destination, thus preventing Plaintiff from leaving against her will, Defendants Burris and/or Bellner falsely imprisoned Plaintiff.

41. As a direct result of Defendants' actions, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and has incurred expenses for medical treatment, loss of property, loss of earnings and/or the loss of the ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

42. As a direct and proximate result of Defendants' misconduct, Plaintiff sustained the injuries and damages set forth in this Complaint, including punitive damages.

**FIFTH CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

43. Plaintiff incorporates all above paragraphs by reference.

44. As described above, Defendant Burris and/or Bellner's conduct of drugging, assaulting, restraining, kidnapping and falsely imprisoning Plaintiff was deliberate. Defendants deliberately or recklessly inflicted emotional and psychological harm on Plaintiff, then fled the scene and left the State of Ohio.

45. Defendants' conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.

46. Defendants' conduct caused emotional and psychological harm to Plaintiff. Plaintiff's distress is severe.

47. As a direct result of Defendants' actions, Plaintiff suffered pain and suffering,

mental anguish, loss of the capacity for the enjoyment of life, and has incurred expenses for medical treatment, loss of property, loss of earnings and/or the loss of the ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

48. Defendants' acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of punitive damages.

**SIXTH CLAIM – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

49. Plaintiffs incorporate all above paragraphs by reference.

50. Defendants' negligent misconduct described in this Complaint is so extreme to go beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized society.

51. Defendants gained Plaintiff's trust, then drugged and attacked her, a stranger.

52. As a direct and proximate result of Defendants' negligence, Plaintiff sustained the injuries and damages set forth in this Complaint, including punitive damages.

**SEVENTH CLAIM – INVASION OF PRIVACY**

53. Plaintiff incorporates all above paragraphs by reference.

54. Defendants' unwanted and offensive contact with Plaintiff was an invasion of her physical solitude and privacy.

55. As a direct result of Defendants' actions, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and has incurred expenses for medical treatment, loss of property, loss of earnings and/or the loss of the ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**EIGHTH CLAIM – RESPONDEAT SUPERIOR/VICARIOUS LIABILTIY**

56. Plaintiff incorporates all above paragraphs by reference.

57. At all relevant times, Defendants Burris was an employee or agent of Defendant ProLab, Breeze, Residential and/or Thornberry.

58. At all relevant times, Defendant Bellner was an employee and/or agent of Defendant Thornberry.

59. Defendants Burris used a company credit card to buy drinks for Plaintiff and her friends and held himself out as an employee and/or agent of ProLab, Breeze, Residential and/or Thornberry. Defendant Burris repeatedly discussed the business conference he was attending.

60. The misconduct described above occurred while Defendants Burris and Bellner were acting within the scope of their employment with ProLab, Breeze, Residential and Thornberry.

61. The initial contact and relationship of Defendants Burris and Bellner was in furtherance of the business of Burris, Bellner and ProLab, Breeze, Residential and Thornberry.

62. The wrongful acts of Defendants Burris and Bellner were committed in the actual or apparent course and scope of their employment or agency with ProLab, Breeze, Residential and Thornberry.

63. The wrongful acts were initially committed while Defendants Burris and Bellner were doing what their employment or agency contemplated.

64. Defendants Burris and Bellner were aided in accomplishing the torts upon Plaintiff by the existence of their agency relationship with ProLab, Breeze, Residential and Thornberry. Specifically, Defendant Burris used the authority actually delegated to him by ProLab, Breeze, Residential and Thornberry to make contact with Plaintiff and buy her drinks

using a company credit card.

65. Under the doctrine of respondeat superior, ProLab, Breeze, Residential and Thornberry are responsible for the actions of their employees and/or agents, committed in the actual or apparent scope of their duties.

66. As a direct result of Defendants' actions, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and has incurred expenses for medical treatment, loss of property, loss of earnings and/or the loss of the ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

67. At all relevant times, Defendants John/Jane Doe #2-25's actions and/or inactions were committed in connection with and for the purpose of fulfilling employment and/or agency with ProLab, Breeze, Residential and Thornberry. Defendants John/Jane Doe #2-25's actions and/or inactions were committed within the time and space of their agency as such, done initially at least in part form a desire to serve the interests of ProLab, Breeze, Residential and Thornberry, consisted generally of actions of the kind and nature required of an employee and done at the direction of, and pursuant to, power vested in them by ProLab, Breeze, Residential and Thornberry.

68. ProLab, Breeze, Residential and Thornberry retained the right to control the means and methods used by their employees and/or agents, including Defendants John/Jane Doe #2-25.

69. As such, pursuant to the doctrine of respondeat superior, ProLab, Breeze, Residential and Thornberry are liable for Defendants John/Jane Doe #2-25's negligence, recklessness and all other damages stated in this Complaint.

**NINTH CLAIM – PUNITIVE DAMAGES**

70. Plaintiff incorporates all above paragraphs by reference.

71. At all relevant times, because the actions of each Defendant demonstrated malice, ill will, recklessness, willful and wanton misconduct, and/or a total disregard for the rights and safety of Plaintiff, which posed a great probability of causing substantial harm, such misconduct warrants an award of punitive damages.

**WHEREFORE,** Plaintiff demands a money judgment against each Defendant, jointly and severally, as to each claim, in **an amount in excess of Seventy-Five Thousand Dollars ($75,000)**, plus interest, attorney fees, costs and any other relief and/or damages the Court determines to be fair, equitable, and in the interests of justice.

**Plaintiff Demands a Trial by Jury.**

Respectfully submitted,

/s/ Elizabeth A. Mote

Elizabeth A. Mote (0086379)
Attorney for Plaintiff
Mote Law Firm, LLC
400 S. 5th St., Suite 101
Columbus, OH 43215
Phone: 614-370-6359
Fax: 833-656-4346
liz@lizmotelaw.com